Nellie M. Carpenter
vs.
Benjamin S. Carpenter, et al.

P. A. No. 62.

May 17, 1929.

HAHN, J. Heard on petition of the R. I. Hospital Trust Co., Admr. d. b. n. c. t. a. of the Estate of Wanton R. Carpenter, deceased, appellant in an appeal from the allowance by the Probate Court of South Kingstown of the will of Wanton R. Carpenter, late of said South Kingstown, under Sec. 21 of Chapter 323 of the General Laws, for a change of venue to Providence County in the trial of the above appeal.

The basis of the petition is in substance that the appeal has been tried four times, which required 37 actual trial days and which excited great interest and resulted in widespread dis-

cussion of the case in the population of Washington County, and that by reason of the very large number of persons residing in said county who were acquainted with the testator in his lifetime, either personally or by reputation, and by reason of local prejudices, sympathies and feelings entertained by many of the people of said county, it is impossible to obtain a jury drawn from said county which will not have knowledge of the case and the facts thereof gained from sources other than the testimony, and the petitioner cannot obtain a full, fair and impartial trial in said county.

Petitioner has presented in addition to the petition a transcript of the examination of the jurors preceding their selection at the last trial and various affidavits and the testimony of two witnesses as to local interest in the matter, as well as the opinions and rescripts of the Supreme Court and of the various trial justices before which the case in one form or another has been heard on exceptions and petitions for new trials, all of which have been considered, as well as the intimation in petitioner's brief that there is prejudice against petitioner and sympathy for contestant "based upon the belief that he did not deal as liberally with his widow as others might have wished him to."

The evidence in support of the petition may be summed up as follows:

That the deceased was well known in Washington County; that the various trials have been the subject of much discussion in various parts of the county, and that many people have well defined opinions in regard to the case, so that it will be exceedingly difficult to obtain an impartial jury for the next trial, and that there is feeling amongst some people that he did not deal as liberally as he should have done with his widow.

The last ground, if it exists, is not peculiar to Washington County, and would possibly be considered by any jury before which the case was brought for trial. Under ordinary conditions, all legal proceedings regarding the estate of a deceased resident are in the first instance before the probate court of the city or town in which he resided, with appeals to the Superior Court for the county in which such city or town is located, thereby bringing his will and any litigation in relation thereto to the various courts sitting nearest to his place of residence and before juries consisting of people living in his own county. While the reasons for this procedure may be a subject of argument as to its wisdom in view of the fact that jurors disinterested and unacquainted with litigants or the deceased are most desirable, the thought in the mind of the Court is that the rule is based upon the ground that all litigation arising in the administration of the estates of deceased persons should be centralized and as near the point at which they lived as possible, in order to avoid travel inconvenience and expense to their beneficiaries or those related to the deceased if legal proceedings are necessary, and the Court should hesitate to remove such litigation unless reasonably assured that a fair and impartial trial cannot be had in the county in which the deceased resided.

The jury panel examined at the last trial consisted of 33 men, some of whom knew of nothing in relation to the case which would in any manner disqualify them, either through acquaintance or otherwise, and without doubt enough jurors could be drawn from various parts of Washington County to give a satisfactory panel. It might take a few days longer but this should not militate against the right of contestant to a trial in Washington County if a full, fair and impartial trial can there be had. It is also to be noted that the principal issue is on the question of the due execution of the will.

It is the opinion of this Court, con-

sidering the area of Washington County, the variety of industries and the various occupations of the inhabitants, that if a large enough panel is drawn and care be exercised in selecting the jurors, there can be a full, fair and impartial trial of this case in Washington County.

Petition for change of venue denied.

For appellant: James O. Watts. Henshaw, Lindemuth & Baker.

For appellees: Samuel H. Davis, Tillinghast and Collins.